IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANNY E DELONEY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | CIVIL No: 5:14-cv-00290-CAR-CHW |
| DEPUTY WARDEN POWELL, *et. al.,* | : | |
| | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER ON MOTION FOR RECONSIDERATION

In April 2014, Plaintiff Danny E. Deloney brought a prior Section 1983 action in the Southern District of Georgia, alleging that he had been placed in administrative segregation and then in the "special management unit" of the Georgia Diagnostic and Classification State Prison without notice or a hearing. Doc. 33-2, pp. 2–7. The Southern District dismissed Plaintiff's prior Section 1983 action for both failure to exhaust and failure to state a claim in an Order dated July 8, 2014. Doc. 33-3, pp. 2–4. Plaintiff filed the instant action, in August of 2014, in this Court. Doc. 1. Upon recommendation from the Magistrate Judge, the Court dismissed Plaintiff's case, based on the doctrine of *res judicata*. Docs. 44; 45; see also *O'Berry v. State Attorneys Office*, 241 F. App'x 654 (11th Cir. 2007) (setting-out the elements of *res judicata*). Judgment was entered on March 23, 2015. Doc. 46. Plaintiff filed a "Declaration of

Danny Deloney in Support of Reconsideration to submit Brief in Opposition to Defendants' Motion to Dismiss and Reconsideration in Amending the Complaint" which this Court cosntrues as a Motion for Reconsideration on the District Court's Entry of Judgment on July 17, 2015. Doc. 47.

In the Motion, Plaintiff states that he is a "mental health prisoner" that has "very limited comprehending ability," including a limited ability to understand "law terminology." *Id.* Plaintiff further states he has very limited access to the law library, and that he is in the process of exhausting his administrative remedies. *Id*. He states he has a ninth grade reading level, could not comprehend "qualified immunity," and completed the instant motion only with the help of "jail house lawyers." *Id.* For these reasons, Plaintiff requests that he Court reconsider his case and the entry of judgment against him.

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party … from a final judgment, order, or proceeding" if the party can show (1) a "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence …"; (3) "fraud …, misrepresentation, or misconduct by an opposing party"; (4) that "the judgment is void"; (5) that "the judgment has been satisfied, released or discharged …"; or (6) "any other reason that justifies relief." *Id*. Because Plaintiff's Motion does not argue the existence of any mistake, newly discovered evidence, misconduct by the opposing party or void judgment, the Court must presume Plaintiff believes that his

2

education and access to counsel presents extraordinary circumstances to justify a reopening of the case under Rule 60(b)(6). See *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) ("The vacation of a judgment under Rule 60(b)(6) is an extraordinary remedy.") (citing *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987)).

Plaintiff's education and access to counsel are not grounds for vacating judgment. This Court has already denied Plaintiff's request for counsel as "no right to counsel exists in civil rights actions." *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright*, 562 F. App'x at 777 (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985)). The Eleventh Circuit explained "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*,

983 F.2d 189, 193 (11th Cir. 1993)).

This Court found no "exceptional circumstances" warranting the appointment of counsel during the course this case, despite Plaintiff's repeated requests. See Docs. 2; 8; 12; 20; 23; 43; 45. While the Court understands that Plaintiff is incarcerated, the Eleventh Circuit has consistently upheld district courts' refusals to appoint counsel to prisoners. *Id*. (citing *Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015); *Wright*, 562 F. App'x at 777; *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 702 (11th Cir. 2013); *McDaniels v. Lee,* 405 F. App'x 456, 457 (11th Cir. 2010); *Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010); *Fowler*, 899 F.2d at 1091, 1096; *Wahl*, 773 F.2d at 1174). Even if this case were still pending, it would not be so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. Thus, no grounds exist for reconsideration, and Plaintiff's Motion for Reconsideration (Doc. 47) is **DENIED**.

**SO ORDERED,** this 14th day of March, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE